Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5708 | **DATE** | 2/19/2004 |
| **CASE TITLE** | Felton vs. Bowen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Respondent's motion (Doc 8-1) to dismiss is granted. Felton's petition for writ of habeas corpus is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| SCT | courtroom deputy's initials | '04 FEB 19 AM 11:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FEB 2 0 2004

THOMAS FELTON, )
)
        Plaintiff, )
)
vs. ) 03 C 5708
)
EDWIN R. BOWEN, )
)
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Respondent Edwin Bowen's ("Bowen") motion to dismiss the petition of Thomas Felton ("Felton") for a writ of habeas corpus. For the reasons set forth below, the motion is granted.

## BACKGROUND

Felton is currently a prisoner at the Centralia Correctional Center in Centralia, Illinois. As such, he is in the custody of Bowen, the facility's warden. On March 14, 1997, Felton was convicted, in the Circuit Court of Cook County, of home invasion, two counts of attempted murder, and three counts of aggravated criminal sexual assault. That same day, Felton was sentenced to two consecutive fifteen-year prison sentences for the attempted murder convictions, a concurrent ten-year sentence for the

10

home invasion conviction, and three concurrent twelve-year sentences for the sexual assault convictions, to be imposed consecutively to the sentences previously imposed. On May 7, 1999, the Illinois Appellate Court, First District, vacated two of Felton's three sexual assault convictions while affirming the remainder of the trial court's findings. Felton then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on October 6, 1999.

On March 23, 2000, Felton petitioned the Cook County Circuit Court for post-conviction relief. Felton's petition alleged ineffective assistance of counsel in violation of the Constitution and Illinois State Constitution. The petition was dismissed on May 2, 2000, because, amongst other reasons, it was untimely filed under Illinois law. On June 14, 2002, the Illinois Appellate Court, First District, found that the Circuit Court did not err in dismissing the petition as untimely or for the other reasons cited. Felton then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on October 2, 2002.

On August 14, 2003, Felton, who is proceeding pro se, filed the present petition for writ of habeas corpus. Felton's petition contains the following claims: (1) Ineffective assistance of counsel at the trial level because Felton's attorney was taking pain killers and muscle relaxers at trial; (2) ineffective assistance of appellate counsel because a different attorney failed to raise the issue of ineffective trial counsel

on appeal; (3) ineffective assistance of counsel at the post-conviction level because a third attorney failed to raise the issue of ineffective trial counsel at Felton's post-conviction petition hearing; and (4) the Circuit Court erred in dismissing Felton's post-conviction petition as untimely. Respondent Bowen moves to dismiss Felton's petition as being barred by the statute of limitations. 28 U.S.C. § 2244(d).

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA further dictates that a prisoner in state custody cannot be granted habeas relief "unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Schaff v. Snyder, 190 F.3d 513, 521 (7th Cir. 1999) (quoting 28 U.S.C. §§ 2254(d)(1) & (2)). For a state court decision to be "contrary to" clearly established Federal law, it must be "substantially different" from relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000). This situation arises if the state court either applies a rule that contradicts the governing law as set forth by

the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and still arrives at a different result. Id. at 405-06. A state court decision involves an "unreasonable application" of clearly established Supreme Court law when it uses the correct legal rule but applies it in an objectively unreasonable manner. Id. at 409-10. An objectively unreasonable decision is one that lies "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002). With these considerations in mind we now turn to Felton's petition for writ of habeas corpus.

## DISCUSSION

Before examining the merits of Felton's claims, we must first determine if his petition was filed in a timely manner. Respondent Bowen argues that Felton's habeas petition should be dismissed because it is time-barred by the statute of limitations. A state prisoner who seeks federal habeas corpus relief from a criminal conviction has one year from "the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking review" to file a petition. 28 U.S.C. § 2244(d)(1)(A); Gray v. Briley, 305 F.3d 777. The statute of limitations begins to run either (1) when all direct appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the U.S. Supreme Court or (2) when, if certiorari was not sought, all direct criminal appeals in the state system are

concluded, followed by the expiration of the time allotted for filing a petition of writ to the Supreme Court. Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002). Under Supreme Court rules, a petition for writ of certiorari seeking review of a lower state court judgment that is subject to discretionary review by the state's highest court must be filed within ninety days following the state high court's denial of discretionary review. Sup. Ct. R. 13(1). Since the Illinois Supreme Court denied Felton's petition for leave to appeal on October 6, 1999, Felton had ninety days from that date to seek review from the U.S. Supreme Court, which he did not do. Therefore, for purposes of 28 U.S.C. § 2244(d)(1), the statute of limitations began to run for his present habeas petition on January 4, 2000, ninety days after his opportunity to seek federal Supreme Court review had ended. Felton did not file his current petition until August 14, 2003, over two-and-one-half-years later.

Our inquiry into the timeliness of Felton's petition is not so easily answered due to the tolling provision of 28 U.S.C. § 2244(d)(2), which states that the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1) "is tolled while a 'properly filed' application for post-conviction review is pending in state court." Gray, 305 F.3d at 778. An application is "properly filed" under 28 U.S.C. § 2244(d)(2) if "its delivery and acceptance 'are in compliance with the applicable laws and rules governing filings.'" Gray at 778-79 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). On the

other hand, if an application for state court post-conviction relief is found to be untimely filed by the petitioned court, and the prisoner "cannot show cause and prejudice in connection with his failure to do so," then 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply. Gray at 779.

Felton filed a petition for post-conviction relief with the Circuit Court of Cook County on March 23, 2000. If found to have been properly filed, his petition would have tolled 28 U.S.C. § 2244(d)(1)'s statute of limitations, making his present petition timely.[1] This was not the case as the Circuit Court of Cook County denied Felton's petition as untimely under Illinois law.[2] At the time Felton filed for post-petition relief, the relevant statute provided that:

> No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court . . . or 3 years from the date of conviction, *whichever is sooner*, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.

---

[1] The May 2, 2000, denial of Felton's post-conviction petition was appealed, ultimately being denied for review by the Illinois Supreme Court on October 2, 2002. Ninety days thereafter, December 31, 2002, the expiration of the period available for certiorari review by the Supreme Court, the statute of limitations for the present motion would resume running and would hypothetically not expire until after Felton filed the present petition.

[2] In addition to finding it untimely, the Circuit Court also denied Felton's petition as "patently without merit" and barred under principles of res judicata.

725 ILCS 5/122-1(c) (West 2000) (emphasis added).[3]

Felton was convicted on March 14, 1997, and the Circuit Court denied his post-conviction petition as, *inter alia*, untimely since it was filed more than three years later on March 23, 2000. Because Felton "did not allege any facts showing that he lacked culpable negligence for the untimely filing," the Illinois Appellate Court determined that the Circuit Court "did not err in dismissing his petition as untimely . . . [and] 'patently without merit.'" People v. Felton, No. 1-00-2032 at pp. 6, 11 (Ill. App. 2002).[4]

Having determined that Felton's post-conviction petition was untimely and thus improperly filed, the burden shifts to Felton to show "cause and prejudice in connection with his failure" to adhere to Illinois' criminal procedure laws in order to establish that his current petition's statute of limitations should have been tolled.

---

[3] This section was amended in 2003 (becoming effective January 1, 2004) eliminating the date of conviction as a baseline for post-conviction relief. See 725 ILCS 5/122-1(c) (West 2004).

[4] In People v. Boclair, 789 N.E.2d 734 (Ill. 2002), the Illinois Supreme Court determined that 725 ILCS 5/122(c) does not permit the summary dismissal by a circuit court of a post-conviction petition during the first stage of post-conviction review on the ground that the petition is untimely. While a retroactive application of Boclair would nullify the Cook County Circuit Court's *sua sponte* determination that Felton's petition was untimely, People v. Britt-El, 794 N.E.2d 204, 210 (Ill. 2002), squarely answered the question that Boclair is not to be applied retroactively to Illinois prisoners challenging untimeliness-based summary denials of post-conviction petitions.

Gray at 779. In fact, we asked Felton to make such as showing through a minute order on October 10, 2003. Felton responded that he received two sentencing orders, one dated March 14, 1997 (the day of his conviction) and the second dated April 28, 1997. Felton contends that it was his belief that the April 28, 1997, sentencing order, which corrected an improperly calculated time-served credit, was a "final judgment" for the purposes of 725 ILCS 5/122-1(c). Felton states that as a "layperson with no working knowledge of the law" he was confused and unaware that March 14, 1997, the date of his *conviction* was the date that the statute of limitations began to run for the availability of Illinois post-conviction relief. However, as "[a]ll citizens are presumptively charged with knowledge of the law," Atkins v. Parker, 472 U.S. 115, 130 (1985); Boclair, 789 N.E.2d at 743, we do not find that Felton's lack of legal training or expertise provides an adequate justification to hold him unaccountable to Illinois' "adequate and independent rule[s] of state procedure." Gray at 779.

Because Felton's untimely post-conviction petition to the Circuit Court of Cook County did not toll 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, his present petition for habeas corpus relief is dismissed as time barred, and the underlying merits of his claims need not be considered. See Gray at 779 (citing Carey v. Saffold, 536 U.S. 214, 226 (2002)).

## CONCLUSION

Based on the foregoing analysis, Felton's petition for writ of habeas corpus is dismissed.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB 1 9 2004